1  JOSEPH R. ASHBY (SBN 248579)
   joseph@ashbylawfirm.com
2  ASHBY LAW FIRM, P.C.
3  1146 North Central Avenue, #475
   Glendale, CA 91202
4  Telephone: (213) 393-6235
   Facsimile: (213) 260-2280
5
6  FRANCIS X. NOLAN, IV (*pro hac vice* forthcoming)
   franknolan@eversheds-sutherland.com
7  EVERSHEDS SUTHERLAND (US) LLP
   1114 Avenue of the Americas
8  The Grace Building, 40th Floor
   New York, NY 10036
9  Telephone: (212) 389-5000
   Facsimile: (212) 389-5099
10

11 Attorneys for Defendant
   COOKUNITY INC.
12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15 | CHERYL THURSTON, individually and on behalf of all persons similarly situated, | Case No.: 4:25-cv-10903
16 |                                                                                |
17 |                    Plaintiffs,                                                 | **DEFENDANT COOKUNITY INC.'S NOTICE OF REMOVAL OF ACTION FROM STATE COURT**
18 | v.                                                                             |
19 |                                                                                | **[28 U.S.C. §§ 1332, 1441 (Diversity), 1446, 1453 and Fed. R. Civ. P. 81(c)]**
20 | COOKUNITY INC., a Delaware corporation, |
21 |                    Defendant.                                                  | Alameda County Superior Court Case No.: 25CV153179
22 |                                                                                |
23 |                                                                                | Date Action Filed in Superior Court: November 4, 2025

24
25
26
27
28

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441(a), 1446 and 1453, Defendant COOKUNITY INC. ("CookUnity"), reserving all rights and defenses, hereby removes the above-captioned action, originally filed as Case No. 25CV153179 in the Superior Court of the State of California for the County of Alameda, to this Court. Removal is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, for the following reasons:

1. Plaintiff filed the complaint on November 4, 2025, in the Superior Court of California, Alameda County.

2. On November 20, 2025, CookUnity was served with the complaint in this action. There are no other defendants.

3. This notice of removal has been filed within 30 days of the date of service on CookUnity, making removal timely under 28 U.S.C. §§ 1446(b) and 1453(b). *Kellman v. Home Depot, LLC*, Case No. 25-cv-06974-JST, 2025 WL 3097919, at *1 (N.D. Cal. Nov. 6, 2025) ("[C]ourts in this district and elsewhere have consistently held that when the end of the statutory removal period falls on a Saturday, the deadline to file the notice of removal is the following Monday, assuming that date is not a court holiday."). No previous notice of removal has been filed.

4. As the complaint alleges, this action is between citizens of different states. Plaintiff is a citizen of California. (Compl. ¶ 4.) CookUnity is neither a resident nor citizen of California. (*Id.* ¶ 7.) CookUnity is incorporated under Delaware law and has its principal place of business in New York and is therefore a citizen of Delaware and New York. (Cosgrove Decl. ¶ 3.)

5. Copies of all process, pleadings, and orders served upon CookUnity in this action are attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a). No responsive pleadings have been filed by CookUnity in the state court.

6. This Court has jurisdiction under CAFA because: (a) minimal diversity exists, that is, at least one class member is a citizen of a different state than at least one defendant; (b) the alleged class contains at least 100 members; and (c) the amount in controversy exceeds $5,000,000, exclusive

of interest and costs. 28 U.S.C. § 1332(d)(2), (d)(5)(B). "[T]he Supreme Court has advised 'that no antiremoval presumption attends cases invoking CAFA,' in part because the statute was enacted 'to facilitate adjudication of certain class actions in federal court,' and 'CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Jauregui v. Roadrunner Transp. Servs.* (9th Cir. 2022) 28 F.4th 989, 992-993 (9th Cir. 2022) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014)).

7. Venue is proper in this Court under 28 U.S.C. § 1441(a), because this Court encompasses Alameda County, California.

8. CookUnity has filed this notice of removal with this Court, will serve a copy of the notice of removal on counsel for Plaintiff, and will file a copy of this notice of removal in the Superior Court of California, Alameda County, pursuant to 28 U.S.C. § 1446(d).

**A.     Minimal Diversity of Citizenship Exists.**

9. Plaintiff is a citizen of the State of California. (Compl. ¶ 4.) CookUnity is a corporation organized and incorporated under the laws of the State of Delaware with its principal place of business in New York, New York. (Cosgrove Decl. ¶ 3.)

10. CookUnity is not incorporated under the laws of the State of California and does not maintain its principal place of business in California and therefore is not a citizen of California. 28 U.S.C. § 1332(c)(1). Minimal diversity of citizenship exists under CAFA. 28 U.S.C. § 1332(d)(2)(A); *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019) ("CAFA requires only 'minimal diversity.'") (quoting *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005)).

**B.     The Alleged Class Exceeds 100 Members.**

11. The complaint alleges that the proposed class "is so numerous that joinder of all members in one action is impracticable," and that "Plaintiff's claims are typical of those of other members of the Class, all of whom have suffered similar harm due to Defendant's course of conduct." (Compl. ¶¶ 19–20.)

12. The complaint seeks certification of a nationwide "class action" within the meaning of 28 U.S.C. §§ 1332(d)(1)(A), (B) and 1453 and defines the proposed class as follows: "All natural

persons using California email addresses who received any commercial email advertising a purported discount on any CookUnity product containing a forged header or materially misleading subject line in violation of Business & Professions Code § 17529.5." (Compl. ¶ 17.)

13. Under this definition, the number of members of the putative plaintiff class is not fewer than 100. *See* 28 U.S.C. § 1332(d)(5)(B). CookUnity has approximately 39,900 unique active customers who have a California mail delivery address. (Cosgrove Decl. ¶ 4.) Of those California customers, approximately 34,200 are active email subscribers. (Cosgrove Decl. ¶ 5.) CookUnity routinely sends emails to these subscribers advertising discounts on its meal delivery service. Based on Plaintiff's definition of "California e-mail address" meaning an email address the recipient accesses "from a computer in California," (Compl. ¶ 9), and the foregoing number of active email subscribers with a California delivery address, (Cosgrove Decl. ¶¶ 3, 4), there are not fewer than 100 putative class members.

### C.     The Amount in Controversy Exceeds $5 Million.

14. Under CAFA, district courts have original jurisdiction over class actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). In determining the amount in controversy for purposes of CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(6).

15. Here, the Complaint plausibly alleges an amount in controversy exceeding $5 million. Plaintiff seeks, among other things, an award of "$1,000 in liquidated damages" for each class member, punitive damages, and attorneys' fees. (Compl. ¶ 29.)

16. CookUnity has approximately 34,200 unique active customers who are active email subscribers and have a delivery address in California. (Cosgrove Decl. ¶ 5.) CookUnity routinely sends these subscribers emails offering discounts on its services. Plaintiff alleges that each is entitled to $1,000 in liquidated damages for each email. (Compl. ¶¶ 14, 29.) Based on Plaintiff's claim of $1,000 in liquidated damages for each email, only 5,001 such emails would be needed to reach the $5

million threshold. As a result, Plaintiff's complaint plausibly alleges an amount in controversy exceeding $5 million.

**D.   CAFA Exceptions Do Not Apply.**

17.   Defendant is not a citizen of California so the exceptions in 28 U.S.C. § 1332(d)(3)–(4) are inapplicable. Nor do any of the exceptions in 28 U.S.C. § 1332(d)(9) apply to this action.

**E.   CookUnity's Notice of Removal Does Not Constitute Consent to Personal Jurisdiction.**

18.   In filing this notice of removal, CookUnity specifically reserves its right to challenge the Court's personal jurisdiction over CookUnity. *See Avers v. Agrylin, Anagrelide, Roberts Pharms.*, No. CV S-08-2737 LKK/DAD, 2009 WL 10690920, at *5 (E.D. Cal. Apr. 22, 2009) ("The Ninth Circuit has held that removal to federal court does not serve as a consent to the exercise of personal jurisdiction.") (citing *Schwarzenegger v. Fred Martin*, 374 F.3d 797 (9th Cir. 2004)); *Freeney v. Bank of Am. Corp.*, No. CV1502376MMMPJWX, 2015 WL 4366439, at *20 (C.D. Cal. July 16, 2015) ("A defendant's election to remove a case to federal court does not waive a personal jurisdiction defense.").

**F.   Conclusion**

19.   The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2), because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, the alleged class exceeds 100 members, and members of the alleged plaintiff class are citizens of a state different from that of the only Defendant, CookUnity.

20.   This action is properly removable to this Court under 28 U.S.C. §§ 1332 and 1453.

DATED:   December 22, 2025

By:   */s/ Joseph R. Ashby*
Joseph R. Ashby (SBN 248579)
ASHBY LAW FIRM, P.C.

Attorneys for Defendant
COOKUNITY INC.

# CERTIFICATE OF SERVICE

I, Joseph R. Ashby, declare as follows:

I am over the age of eighteen years and not a party to the case. I am employed in the County of Los Angeles, State of California, where the mailing occurs; and my business address is ASHBY LAW FIRM, P.C., 1146 North Central Avenue, #475, Glendale, CA 91202.

On December 22, 2025 I served a copy of the within document(s):

**DEFENDANT COOKUNITY INC.'S NOTICE OF REMOVAL OF ACTION FROM STATE COURT**

**DECLARATION OF JAMES F. COSGROVE IN SUPPORT OF DEFENDANT COOKUNITY INC.'S NOTICE OF REMOVAL**

to be served on the interested parties in this action as follows:

PACIFIC TRIAL ATTORNEYS          Attorneys for Plaintiff
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

☒   **(BY ELECTRONIC MAIL**) I caused said document(s) to be transmitted to the email address(es) to the addressee(s) above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 22, 2025, in Pasadena, California.

　　　　　　　　　　　　　　　　  */s/ Joseph R. Ashby*
　　　　　　　　　　　　　　　　Joseph R.