# Exhibit A

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
11/04/2025 at 10:59:23 PM
By: Danielle Harbour,
Deputy Clerk

1  PACIFIC TRIAL ATTORNEYS
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@pacifictrialattorneys.com
3  Victoria C. Knowles, Bar No. 277231
   vknowles@pacifictrialattorneys.com
4  4100 Newport Place Drive, Ste. 800
   Newport Beach, CA  92660
5  Tel: (949) 706-6464
   Fax: (949) 706-6469
6
7  Attorneys for Plaintiff and the Class

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF ALAMEDA

10

11  CHERYL THURSTON, individually and on        Case No.  25CV153179
    behalf of all persons similarly situated,
12
            Plaintiffs,
13                                              CLASS ACTION COMPLAINT FOR
        v.                                      UNLAWFUL SPAMMING IN VIOLATION
14                                              OF B&P CODE SECTION 17529.5
    COOKUNITY INC., a Delaware corporation,
15
            Defendant.
16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    <u>INTRODUCTION</u>

1.    California's robust Anti-Spam Law (Business & Professions Code § 17529.5) imposes **both** strict liability **and** substantial liquidated damages on companies that benefit from deceptive unsolicited commercial e-mail advertisements (commonly known as "spam").[1]  It empowers recipients of such spam to sue even if they were neither misled nor harmed by the spam,[2] dispenses with the requirement of proving intent or scienter,[3] and is intended to force companies to actively monitor their advertising by imposing exceptionally broad liability.[4]

2.    Plaintiff received a spam e-mail from mail-noreply@google.com promoting Defendant's products with the subject line **"Now $27.18 List price $54.36, and more."** The e-mail contained an embedded link to www.cookunity.com and contained numerous offers for meal delivery.

3.    As shown below, the above e-mail violates Section 17529.5 in multiple ways.  Defendant is strictly liable for liquidated damages of $1,000 to Plaintiff and each class member who received the spam.

## II.    <u>PARTIES</u>

4.    Plaintiff is a resident and citizen of the state of California.

5.    Defendant sells prepared meals and related items and promotes those products and through unlawful spamming.

---

[1]    *See Hypertouch, Inc. v. ValueClick, Inc.*, 192 Cal. App. 4th 805, 829-30 (Cal. Ct. App. 2d Dist. 2011) (characterizing section 17529.5 as "imposing strict liability on advertisers who benefit from (and are the ultimate cause of) deceptive e-mails").

[2]    *Hypertouch*, 192 Cal. App. 4th at 822 (holding that section 17529.5 "does not require the plaintiff to prove that it relied on the deceptive commercial e-mail message or that it incurred damages as a result of the deceptive message"); *id.* at 829 ("the statute permits a recipient of a deceptive commercial e-mail to bring suit regardless of whether they were actually mislead or harmed by the deceptive message").

[3]    *See Hypertouch*, 192 Cal. App. 4th at 821 ("section 17529.5 … does not include any 'scienter' or intent requirement"); *id.* at 821-22 ("[L]ike other California statutes prohibiting false or misleading business practices, the statute makes an entity strictly liable for advertising in a commercial e-mail that violates the substantive provisions described in section 17529.5, subdivision (a) regardless of whether the entity knew that such e-mails had been sent or had any intent to deceive the recipient.").

[4]    *Hypertouch*, 192 Cal. App. 4th at 820 ("[S]ection 17529.5 does not require the plaintiff to show that the defendant actually made a false or deceptive statement…. [B]y its plain terms, the statute is not limited to entities that actually send or initiate a deceptive commercial e-mail, but applies more broadly to any entity that advertises in those e-mails.  [¶]  Other portions of the statute confirm that the Legislature did not intend the statute to apply solely to those entities that actually send or initiate a deceptive e-mail."); *id.* at 821 ("In sum, both the text and legislative history of S.B. 186 make clear that section 17529.5 was intended to apply to entities that advertise in deceptive commercial e-mails, not only the spammers who send them.").

### III.    JURISDICTION AND VENUE

6.    As a Court of general jurisdiction, this Court has jurisdiction over all claims asserted herein.

7.    Venue is proper in this County because many of the class members received the spam in this County and because Defendant is neither a resident nor citizen of California.

### IV.    FACTUAL ALLEGATIONS

8.    Plaintiff is a California resident and the owner of the above e-mail address.

9.    Plaintiff's e-mail address is a "California e-mail address" because Plaintiff ordinarily accesses the e-mail address from a computer in California.  *See* Bus. & Prof. Code § 17529.1(b).

10.    The spam identified above is a "'Commercial e-mail advertisement' because it was initiated for the purpose of advertising or promoting the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit.  *See* Bus. & Prof. Code § 17529.1(c).

11.    Plaintiff never gave "direct consent" to receive commercial e-mail advertisements from Defendant or its marketing agents.  *See Balsam v. Trancos, Inc.*, 203 Cal. App. 4th 1083, 1099 (2012) (noting that defendant acknowledged that recipients of its commercial e-mails did not receive "direct consent" to receive e-mails from defendant or its advertisers).  It is generally understood that "direct consent" under Business & Professions Code § 17529, requires a level of specificity and clarity far beyond the passive act of checking a generic box on a website or in a pile of forms. Consent must be informed, knowing, and explicit  — meaning the consumer must be told clearly that they are agreeing to receive advertising emails from a particular sender, and for what purpose, at the time they provide their email address. A vague or pre-checked box does not constitute "direct consent," because it fails to ensure that the consumer affirmatively and deliberately authorized the use of their address for advertising.

12.    There are three separate and distinct ways in which commercial e-mail can run afoul of California's Anti-Spam Law (Bus. & Prof. Code § 17529.5):

    a)    **Unauthorized Use of a Domain Name in Violation of Section 17529.5(a)(1).**  A domain name is the unique Internet address used to identify the origin of a website or an email transmission (e.g., "apple.com" or "yahoo.com"). It functions as a digital signature,

signifying the source of the communication and enabling recipients to verify the sender's identity. Section 17529.5(a)(1) prohibits any person or entity from advertising in an email that is "accompanied by a third party's domain name without the permission of the third party." Bus. & Prof. Code § 17529.5(a)(1). This provision was enacted to prevent spammers from misappropriating the goodwill of trusted companies by embedding their domain names into headers, "From" fields, or hyperlinks to create the false impression of legitimacy. Misusing another entity's domain name deceives recipients, exposes them to fraud, and undermines trust in electronic communications. Courts have recognized that such spoofing practices fall squarely within the statutory prohibition. *See Balsam*, 203 Cal. App. 4th at 1097–98 (discussing § 17529.5(a)(1)'s application to domain name misuse when a domain name is inaccurate and not traceable to the actual sender).

b) **Misrepresented Header Information In Violation of Section 17529.5(a)(2)**. An email header is the portion of an electronic mail message that contains the routing, addressing, and technical information necessary for the message to be transmitted and delivered across the internet. Unlike the visible body of an email, the header records the path the message takes from the sender to the recipient and includes fields such as the "From," "To," "Date," "Subject," "Reply-To," "Return-Path," "Received" lines, and the originating Internet Protocol (IP) address. The header serves as the digital equivalent of a postmark and return address on a physical letter—it discloses who sent the message, the servers through which it traveled, and how it reached the recipient's inbox. Misrepresenting this information conceals the true sender's identity and impedes spam filters. *See* Bus. & Prof. Code § 17529.5(a)(2); *Balsam*, 203 Cal. App. 4th at 1101 ("We … hold … that header information in a commercial e-mail is falsified or misrepresented for purposes of section 17529.5(a)(2) when it uses a sender domain name that *neither* identifies the actual sender on its face *nor* is readily traceable to the sender using a publicly available online database such as WHOIS.") (emphasis in original).

c) **Deceptive Subject Line or Contents in Violation of Section 17529.5(a)(3).** This section not only prohibits deceptive subject lines but also affirmatively requires accuracy

in the material facts contained in the content of commercial e-mail,[5] and is intended to punish advertisers who trick recipients into opening messages they otherwise would ignore, thereby wasting time, invading privacy, and frustrating spam filters. *See Kleffman v. Vonage Holdings Corp.*, 49 Cal. 4th 334, 342-43 (2010).

13.    The above spam violates Bus. & Prof. Code § 17529.5 as follows:

a)    <mark>**Misrepresented Header Information In Violation of Section 17529.5(a)(2)**</mark>.    The header information in is misrepresented and forged within the meaning of Business and Professions Code § 17529.5(a)(2) because the "From" line falsely represents that the message originated from CookUnity," while the actual transmission domain and return path (mail-noreply@google.com) reveal that it was sent through Google's advertising infrastructure, not CookUnity's own servers. This mismatch renders the header untraceable to the advertiser and materially misleads recipients about the source of the e-mail, precisely the type of deceptive practice condemned in *Balsam v. Trancos, Inc*.

b)    <mark>**Deceptive Subject Line and Contents in Violation of Section 17529.5(a)(3).**</mark> The e-mail is deceptive because it violates California's false reference pricing prohibition, commonly known as the "strike-through" pricing law. Under California Business and Professions Code sections 17501 and 17500, it is unlawful for an advertiser to display a former price unless that price was the actual, bona fide price at which the item was openly and actively offered for sale in the recent past. The subject line prominently advertises <mark>**"Now $27.18 List price $54.36."**</mark>    In reality, evidence compiled using both the Internet Archive Wayback Machine and Klarna (an online price aggregator) shows that CookUnity has offered the same introductory pricing plan for the 90 days prior to plaintiff's receipt of the e-mail.    These archived URLs demonstrate that the "discounted" price advertised in CookUnity's email was in fact a discount from a fabricated or inflated "list" price, rather than a bona fide previous selling price.

14.    Plaintiff and all class members who have received the same or similar violative e-mail advertising Defendant's products are each entitled to liquidated damages of $1,000 per e-mail.  *See*

---

[5] For violations of subdivision (a)(3), "the plaintiff need not prove actual falsity, but only that the offending statement was 'likely to mislead' the recipient."  *Hypertouch*, 192 Cal. App. 4th at 823 n.6.

1   Bus. & Prof. Code § 17529.5(b)(1)(B)(ii).

2       15.     Although a plaintiff need not plead or prove actual damages to bring a claim under the

3   statute, Plaintiff has in fact suffered concrete, particularized harm as a result of Defendant's conduct.

4   Plaintiff spent valuable time and attention identifying, reading, and deleting the deceptive email;

5   incurred opportunity costs and lost productivity; and suffered depletion of device and network

6   resources, including storage space, bandwidth usage on a metered data plan, and battery life. The

7   unauthorized domain name, misleading headers and subject lines also invaded Plaintiff's privacy and

8   disrupted the ordinary use and enjoyment of Plaintiff's email account, diminishing its value as a

9   communication tool and necessitating additional filtering and security precautions. These injuries were

10  directly caused by Defendant's unlawful emails and are redressable by statutory and injunctive relief.

11      16.     Defendant has not established and implemented, with due care, practices and

12  procedures reasonably designed to effectively prevent unsolicited commercial e-mail advertisements

13  that are in violation of Section 17529.5.

14                          **V.    CLASS ACTION ALLEGATIONS**

15      17.     Plaintiff brings this action on behalf of all persons similarly situated and seeks

16  certification of the following class:

17              **All natural persons using California email addresses who received any commercial**

18              **email advertising a purported discount on any CookUnity product containing a**

19              **forged header or materially misleading subject line in violation of Business &**

20              **Professions Code § 17529.5.**

21      18.     The above-described class of persons shall hereafter be referred to as the "Class."

22  Excluded from the Class are any and all past or present officers, directors, or employees of Defendant,

23  any judge who presides over this action, and any partner or employee of Class Counsel.  Plaintiff

24  reserves the right to expand, limit, modify, or amend this class definition, including the addition of one

25  or more subclasses, in connection with his motion for class certification, or at any other time, based

26  upon, inter alia, changing circumstances and/or new facts obtained during discovery.

27      19.     **Numerosity**.  The Class is so numerous that joinder of all members in one action is

28  impracticable. The exact number and identities of the members of the Class is unknown to Plaintiff at

this time and can only be ascertained through appropriate discovery, but Plaintiff is informed and believes, and thereon, alleges that there are at least 50 members of the Class.

20.    **Typicality.**  Plaintiff's claims are typical of those of other members of the Class, all of whom have suffered similar harm due to Defendant's course of conduct as described in this Complaint.

21.    **Adequacy of Representation**.  Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.  Plaintiff has retained attorneys who are experienced in the handling of complex litigation and class actions, and Plaintiff and Plaintiff's counsel intend to prosecute this action vigorously.

22.    **Predominance of Common Questions of Law or Fact**.  Common questions of law and fact exist as to all members of the Class that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary among members of the Class, and which may be determined without reference to the individual circumstances of any member of the Class, include, but are not limited to, the following:

a)  Whether Defendant sent unsolicited commercial e-mail to Class members;

b)  Whether the e-mails were sent in violation of Business and Professions Code Section 17529.5.

23.    **Superiority**.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable.

24.    **Ascertainability.**  Defendant keeps computerized records of its sales and customers through, among other things, databases storing customer orders, customer order histories, customer profiles, customer loyalty programs, and general marketing programs. Defendant has one or more databases through which a significant majority of members of the Class may be identified and ascertained, and they maintain contact information, including email addresses.

### VI.    CAUSE OF ACTION

### Violation of Cal. Business & Professions Code § 17529.5

25.    Plaintiff received the above unsolicited commercial e-mail at Plaintiff's California e-mail address within one year prior to filing the Complaint at a California e-mail address.

26.     As shown above, the spam violated one or more provisions of Section 17529.5.

27.     Defendant is strictly liable for violation of Section 17529.5 for sending the spam.

28.     Defendant has not established and implemented, with due care, practices and procedures reasonably designed to effectively prevent unsolicited commercial e-mail advertisements that are in violation of Section 17529.5 that would justify a reduction in liquidated damages.

29.     Plaintiff and every Class member who received the above e-mail are entitled to $1,000 in liquidated damages from Defendant up to one million dollars per incident, (Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii)), and to recover reasonable attorney's fees and costs, (Cal. Bus. & Prof. Code § 17529.5(b)(1)(C)).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

a.     For an order certifying that the action be maintained as a class action, that Plaintiff be designated as the class representative, and that undersigned counsel be designated as class counsel;

b.     For all available legal, equitable, and declaratory relief;

c.     For liquidated damages;

d.     For punitive damages;

e.     For attorneys' fees and costs as allowed by law; and

f.     For any and all other relief at law or equity that may be appropriate.


Dated:  November 4, 2025                    PACIFIC TRIAL ATTORNEYS, APC


                                            By: _____
                                            Scott. J. Ferrell
                                            Attorneys for Plaintiff and the Putative Class

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COOKUNITY INC., a Delaware corporation,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHERYL THURSTON, individually and on
behalf of all persons similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
11/04/2025
Chad Finke, Executive Officer / Clerk of the Court
By: _____ D. Harbour _____ Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:                              **CASE NUMBER:**
*(El nombre y dirección de la corte es):*                         *(Número del Caso):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA      25CV153179
1225 Fallon Street, Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar #202091) / Victoria C. Knowles (Bar #277231)
PACIFIC TRIAL ATTORNEYS, APC                          Phone No.: (949) 706-6464
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

DATE:                                    Clerk, by _____ , Deputy
*(Fecha)*  11/04/2025    Chad Finke, Executive Officer / Clerk of the Court  *(Secretario)*                         *(Adjunto)*
                                                                              D. Harbour
*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]    **NOTICE TO THE PERSON SERVED:** You are served
1. ☐  as an individual defendant.
2. ☐  as the person sued under the fictitious name of *(specify):*

3. ☐  on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐  by personal delivery on *(date):*

Form Adopted for Mandatory Use                     **SUMMONS**                    Code of Civil Procedure §§ 412.20, 465
Judicial Council of California                                                    *www.courtinfo.ca.gov*
SUM-100 [Rev. July 1, 2009]                   LexisNexis® Automated California Judicial Council Forms

<table>
<tr><td colspan="2">

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

</td><td>

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

11/04/2025

Chad Finke , Executive Officer / Clerk of the Court

By: _____ Deputy

D. Harbour

</td></tr>
</table>

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

PLAINTIFF:
Cheryl Thurston, individually and on behalf of all persons similarly s[...]

DEFENDANT:
Cookunity Inc., a Delaware corporation

| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 25CV153179 |
|---|---|

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 03/23/2026      Time: 2:30 PM      Dept.: 21
>
> Location: Rene C. Davidson Courthouse
> Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

> If the parties agree, they may try the case in an Expedited Jury Trial. Code of Civ. Proc. § 630.01 et seq. In short, the parties would agree to the following: 8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal. For additional information, please see the following links:
>
> • EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
> • EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
> • EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

<table>
<tr><td colspan="2">

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

</td><td>

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
11/04/2025
Chad Finke, Executive Officer / Clerk of the Court
By: _____ Deputy
D. Harbour

</td></tr>
</table>

| | Reserved for Clerk's File Stamp |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | **FILED** Superior Court of California County of Alameda 11/04/2025 Chad Finke, Executive Officer / Clerk of the Court By: _____ Deputy D. Harbour |
| COURTHOUSE ADDRESS: Rene C. Davidson Courthouse 1225 Fallon Street, Oakland, CA 94612 | |
| PLAINTIFF/PETITIONER: Cheryl Thurston, individually and on behalf of all persons similarly situated | |
| DEFENDANT/RESPONDENT: Cookunity Inc., a Delaware corporation | |
| **CERTIFICATE OF MAILING** | CASE NUMBER: 25CV153179 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Scott J Ferrell
Pacific Trial Attorneys, APC
4100 Newport Place Dr 800
Newport Beach, CA 92660

Victoria C Knowles
Pacific Trial Attorneys, APC
4100 Newport Place Dr. 800
Newport Beach, CA 92660

Chad Finke, Executive Officer / Clerk of the Court

Dated: 11/07/2025                    By:

D. Harbour, Deputy Clerk

**CERTIFICATE OF MAILING**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(name and Address)*<br>SCOTT J. FERRELL, (SBN: 202091)<br>VICTORIA C. KNOWLES (SBN: 277231)<br>PACIFIC TRIAL ATTORNEYS<br>A PROFESSIONAL CORPORATION<br>4100 NEWPORT PLACE DRIVE, SUITE 800<br>NEWPORT BEACH, CA 92660<br><br>TELEPHONE NO.: (949) 706-6464    FAX NO. *(Optional)*: (949) 706-6469<br>E–MAIL ADDRESS *(Optional)*: sferrell@pacifictrialattorneys.com<br>ATTORNEY FOR *(Name)*: Plaintiff and the Class | *FOR COURT USE ONLY*<br><br>ELECTRONICALLY FILED<br>Superior Court of California,<br>County of Alameda<br>12/01/2025 at 12:00:00 AM<br>By: Laure Havenar-Daughton,<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 FALLON ST.
MAILING ADDRESS:
CITY AND ZIP CODE: OAKLAND, CA 94612
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: CHERYL THURSTON, individually and on behalf of all persons similarly situated<br><br>DEFENDANT/RESPONDENT: COOKUNITY INC., a Delaware corporation | CASE NUMBER: **25CV153179** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: **1226909JR** |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of :
   - a.☒  Summons
   - b.☒  Complaint
   - c ☒  Alternative Dispute Resolution (ADR) package
   - d ☒  Civil Case Cover Sheet *(served in complex cases only)*
   - e ☐  cross-complaint
   - f. ☒  other *(specify documents):* NOTICE OF CASE MANAGEMENT CONFERENCE; CERTIFICATE OF MAILING;
3. a. Party served: *(specify name of party as shown on documents served):*
   COOKUNITY INC., a Delaware corporation
   b. Person served (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)*(specify name and relationship to the party named in item 3a):*
   CSC Lawyers Incorporating Service, Registered Agent, By Serving,   Alex Jenkins, AUTHORIZED AGENT   (African American, Female, 30, Black Hair, Brown Eyes, ~5'6" ~165 lbs)
4. Address where the party was served: 2710 GATEWAY OAKS DR. SUITE 150N
   SACRAMENTO, CA 95833
5. I served the party *(check proper box)*
   - a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11/20/2025   (2) at: *(time)* 1:00 PM

   - b. ☐ **by substituted service.** On *(date):*          at: *(time)*          . I left the documents listed in item 2 with or in the presence of *(name and title or relationship to the person indicated in item 3):*
     - (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
     - (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
     - (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          *(city):*          **or** ☐ a declaration of mailing is attached.
     - (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| PLANTIFF/PETITIONER: CHERYL THURSTON, individually and on behalf of all persons similarly situated | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COOKUNITY INC., a Delaware corporation | **25CV153179** |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) (date):            (1) (city):

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt *(form 982(a)(4).)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** (specify means of service and authorizing code section):

      ☐    Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant

  b. ☐ as the person sued under the fictitious name of (specify):

  c. ☒ on behalf of (specify): COOKUNITY INC., a Delaware corporation

    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)         ☐ 415.46 (occupant)

                                ☐ other:

7. **Person who served papers**

  a.  Name: Robert J. Mason

  b.  Address: **800 W. 1ST STREET, SUITE 200-B LOS ANGELES, CALIFORNIA 90012**

  c.  Telephone number: **(213) 607-9000**

  d.  The fee for service was: $ 99.00

  e.  I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ registered California process server:

        (i)  ☐ owner  ☐ Employee  ☒ independent contractor.

        (ii) ☒ Registration No.:03-007

        (iii) ☒ County: PLACER

**USA Legal Network**

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Or

9. ☐ I am a California sherif or marshal and I certify that the foregoing is true and correct.

Date: 11/24/2025

Robert J. Mason

_____    _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)           (SIGNATURE)

**Page 2 of 2**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse, Department 21
### JUDICIAL OFFICER: HONORABLE S. RAJ CHATTERJEE

Courtroom Clerk: Belinda Mercado                                    CSR: None

---

**25CV153179**                                                  December 11, 2025
                                                                     2:30 PM

**THURSTON, INDIVIDUALLY AND ON BEHALF OF ALL
PERSONS SIMILARLY SITUATED
 vs
COOKUNITY INC., A DELAWARE CORPORATION**

---

### MINUTES

**NATURE OF PROCEEDINGS: Complex Determination Hearing**

ORDER RE: CASE MANAGEMENT

The Court has ordered the following after review of the case.

**COMPLEX DETERMINATION - GRANTED CLASS ACTION**

**COMPLEX DETERMINATION**

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

**PROCEDURES**
Calendar information, filings, and tentative rulings are available to the public athttps://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

**SERVICE OF THIS ORDER**
Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third-party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

The plaintiff shall serve a copy of this Order on all defendants and other parties upon their

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

appearance in this action.

**Plaintiff must file a motion for class certification prior to the 10/12/2026 hearing.**

**The parties shall, no later than 15 calendar days before the next case management hearing, file a joint case management statement on pleading paper.**

**The Court finds that this deadline provides sufficient time for the parties to complete class discovery. See generally CRC 3.764(b). The parties are expected to diligently proceed with undertaking discovery necessary for determining class certification and to timely resolve any disputes that arise, including bringing any necessary motions, to meet this deadline.**

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9.

**Mandatory Joint Case Management Conference Statement**
At least seven calendar days before the Initial Case Management Conference ("CMC"), the parties shall file a Joint CMC Statement on pleading paper. All parties who have appeared shall participate in the Joint CMC Statement. The Joint CMC Statement should address from each party's perspective each issue set forth in CRC Rule 3.750(b). The Joint CMC Statement should also address any additional matters that any party believes will advance the action.
Before submitting the Joint CMC Statement, the parties shall meet and confer on the matters set forth in CRC 3.724.

**Summary Discovery Motion Procedures by Stipulation**
The Complex Civil Departments 18 and 21 permit parties to submit discovery disputes by stipulation under summary procedures that are posted in the Court's portal pages.

Judicial: Non-Appearance Case Review re: Deadline to File Class Certification Motion is scheduled for 10/12/2026 at 02:30 PM in Department 21 at Rene C. Davidson Courthouse.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

By:      B. Mercado, Deputy Clerk

Minutes of: 12/11/2025
Entered on: 12/12/2025

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

| | |
|---|---|
| Cheryl Thurston, individually and on behalf of all persons similarly situated<br>　　　　　　　Plaintiff/Petitioner(s)<br>　　　　vs.<br>Cookunity Inc., a Delaware corporation<br>　　　　　　　Defendant/Respondent (s) | No.　　25CV153179<br><br>Date:　　12/11/2025<br>Time:　　2:30 PM<br>Dept:　　21<br>Judge:　S. Raj Chatterjee<br><br><br>ORDER re: Complex Determination Hearing |

ORDER RE: CASE MANAGEMENT

The Court has ordered the following after review of the case.

**COMPLEX DETERMINATION - GRANTED CLASS ACTION**

**COMPLEX DETERMINATION**

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

**PROCEDURES**
Calendar information, filings, and tentative rulings are available to the public athttps://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

**SERVICE OF THIS ORDER**
Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third-party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

The plaintiff shall serve a copy of this Order on all defendants and other parties upon their appearance in this action.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

**Plaintiff must file a motion for class certification prior to the 10/12/2026 hearing.**

**The parties shall, no later than 15 calendar days before the next case management hearing, file a joint case management statement on pleading paper.**

**The Court finds that this deadline provides sufficient time for the parties to complete class discovery. See generally CRC 3.764(b). The parties are expected to diligently proceed with undertaking discovery necessary for determining class certification and to timely resolve any disputes that arise, including bringing any necessary motions, to meet this deadline.**

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9.

**Mandatory Joint Case Management Conference Statement**
At least seven calendar days before the Initial Case Management Conference ("CMC"), the parties shall file a Joint CMC Statement on pleading paper.  All parties who have appeared shall participate in the Joint CMC Statement.  The Joint CMC Statement should address from each party's perspective each issue set forth in CRC Rule 3.750(b).  The Joint CMC Statement should also address any additional matters that any party believes will advance the action.
Before submitting the Joint CMC Statement, the parties shall meet and confer on the matters set forth in CRC 3.724.

**Summary Discovery Motion Procedures by Stipulation**
The Complex Civil Departments 18 and 21 permit parties to submit discovery disputes by stipulation under summary procedures that are posted in the Court's portal pages.

Judicial: Non-Appearance Case Review re: Deadline to File Class Certification Motion is scheduled for 10/12/2026 at 02:30 PM in Department 21 at Rene C. Davidson Courthouse.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

Dated :  12/11/2025

S. Raj Chatterjee / Judge

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

**FILED**
Superior Court of California
County of Alameda

12/12/2025

Chad Finke, Executive Officer / Clerk of the Court

By: _____ Deputy
B. Mercado

PLAINTIFF/PETITIONER:

Cheryl Thurston, individually and on behalf of all persons similarly situated

DEFENDANT/RESPONDENT:

Cookunity Inc., a Delaware corporation

**CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6**

CASE NUMBER:
25CV153179

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Order re: Complex Determination Hearing entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Scott J Ferrell
Pacific Trial Attorneys, APC
sferrell@pacifictrialattorneys.com

Victoria C Knowles
Pacific Trial Attorneys, APC
vknowles@pacifictrialattorneys.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/12/2025

By:

B. Mercado, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:

Rene C. Davidson Courthouse

Administration Building, 1221 Oak Street, Oakland, CA 94612

**FILED**
Superior Court of California
County of Alameda

12/15/2025

Clad Fike, Executive Officer / Clerk of the Court

By: _____ Deputy

B. Mercado

PLAINTIFF(S) / PETI

Cheryl Thurston, individually and on behalf of all persons similarly situa

Cookunity Inc., a Delaware corporation

## NOTICE OF CASE REASSIGNMENT

CASE NUMBER:

25CV153179

**EFFECTIVE** 12/15/2025

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

ASSIGNED JUDGE:    Patrick McKinney

DEPARTMENT:    18

LOCATION:    Rene C. Davidson Courthouse
    Administration Building, 1221 Oak Street, Oakland, CA 94612

PHONE NUMBER:    (510) 267-6934

FAX NUMBER:

EMAIL ADDRESS:    Dept18@alameda.courts.ca.gov

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 1013)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

### NOTICE OF CASE REASSIGNMENT

**ASSIGNED FOR ALL PURPOSES TO**

**JUDGE** Patrick McKinney

**DEPARTMENT** 18

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days."   The court's website contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

B. Mercado, Deputy Clerk

**NOTICE OF CASE REASSIGNMENT**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

12/15/2025

Chad Finke, Executive Officer / Clerk of the Court

By: _____ Deputy

B. Mercado

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PLAINTIFF/PETITIONER:
Cheryl Thurston, individually and on behalf of all persons similarly situated

DEFENDANT/RESPONDENT:
Cookunity Inc., a Delaware corporation

**CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6**

CASE NUMBER:
25CV153179

---

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Notice of Case Reassignment (Civil) entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Scott J Ferrell
Pacific Trial Attorneys, APC
sferrell@pacifictrialattorneys.com

Victoria C Knowles
Pacific Trial Attorneys, APC
vknowles@pacifictrialattorneys.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/15/2025

By:

B. Mercado, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

| | |
|---|---|
| Cheryl Thurston, individually and on behalf of all persons similarly situated | No.    25CV153179 |
| Plaintiff/Petitioner(s) | Date:    12/20/2025 |
| vs. | Time:    11:09 AM |
| Cookunity Inc., a Delaware corporation | Dept:    18 |
| Defendant/Respondent (s) | Judge:    Patrick McKinney |

ORDER re: Non-Appearance Case Review

The Initial Case Management Conference scheduled for 03/23/2026 is reset to 03/25/2026 at 01:30 PM in Department 18 at Rene C. Davidson Courthouse.

The parties are ordered to file a joint updated case management conference statement on pleading paper at least 7 days before the next case management conference.

The Judicial: Non-Appearance Case Review re: Deadline to File Class Certification Motion scheduled for 10/12/2026 is reset to 10/12/2026 at 11:00 AM in Department 18 at Rene C. Davidson Courthouse.

Clerk is directed to serve copies of this order, with proof of service, to counsel and to self-represented parties of record.

Dated :   12/20/2025

Patrick McKinney / Judge

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

 Superior Court of Alameda County Public Portal

**25CV153179** THURSTON, INDIVIDUALLY AND ON BEHALF OF ALL PERSONS SIMILARLY...

**Civil Unlimited** (Civil
Rights/Discrimination)

Filed: 11/04/2025

Rene C. Davidson Courthouse / DEPT 18 - HON.
Patrick McKinney

Next Hearing: 03/25/2026 Initial Case Management
Conference

[Document Download]

## Case Summary

[Register of Actions](#)    [Participants](#)    [Future Hearings](#)

| Date | Message | Category | Download |
|------|---------|----------|----------|
| 11/04/2025 | **Complaint**<br>Filed by: Cheryl Thurston, individually and on behalf of all persons similarly situated (Plaintiff)<br>As to: Cookunity Inc., a Delaware corporation (Defendant) | Document | ⬇ |
| 11/04/2025 | **Summons on Complaint**<br>Issued and Filed by: Cheryl Thurston, individually and on behalf of all persons similarly situated (Plaintiff)<br>As to: Cookunity Inc., a Delaware corporation (Defendant) | Document | ⬇ |
| 11/04/2025 | **Notice of Case Management Conference**<br>Filed by: Clerk | Document | ⬇ |
| 11/04/2025 | The case is placed in special status of: Provisionally Complex – Case Type | Case | |
| 11/04/2025 | The case is placed in special status of: Class Action | Case | |
| 11/07/2025 | Complex Determination Hearing scheduled for 12/11/2025 at 02:30 PM in Rene C. Davidson Courthouse at Department 21 | Event | |
| 11/07/2025 | Initial Case Management Conference scheduled for 03/23/2026 at 02:30 PM in Rene C. Davidson Courthouse at Department 21 | Event | |
| 11/07/2025 | Case assigned to Hon. S. Raj Chatterjee in Department 21 Rene C. Davidson Courthouse | Assignment | |
| 12/01/2025 | **Proof of Personal Service**<br>Filed by: Cheryl Thurston, individually and on behalf of all persons similarly situated (Plaintiff)<br>As to: Cookunity Inc., a Delaware corporation (Defendant)<br>Service Cost Waived: No | Document | ⬇ |
| 12/11/2025 | The case is placed in special status of: Deemed Complex | Case | |
| 12/11/2025 | Tentative Ruling Published for 12/11/2025 2:30 PM Complex Determination Hearing} | Tentative Ruling | |
| 12/11/2025 | Minute Order (Complex Determination Hearing) | Minute Order | ⬇ |
| 12/11/2025 | **Order re: Complex Determination Hearing**<br>Signed and Filed by: Court | Document | ⬇ |

| Date | Message | Category | Download |
|---|---|---|---|
| 12/12/2025 | Judicial: Non-Appearance Case Review re: Deadline to File Class Certification Motion scheduled for 10/12/2026 at 02:30 PM in Rene C. Davidson Courthouse at Department 21 | Event | |
| 12/12/2025 | Complex Determination Hearing scheduled for 12/11/2025 at 02:30 PM in Rene C. Davidson Courthouse at Department 21 updated:<br>Result Date to 12/11/2025<br>Result Type to Held - Motion Granted | Event | |
| 12/12/2025 | The case is removed from the special status of: Provisionally Complex – Case Type | Case | |
| 12/15/2025 | Notice of Case Reassignment (Civil)<br>Filed by: Clerk | Document | ⬇ |
| 12/15/2025 | Case reassigned to Rene C. Davidson Courthouse in Department 18 - Hon. Patrick McKinney<br>Reason: Inventory Transfer | Assignment | |
| 12/20/2025 | Initial Case Management Conference scheduled for 03/25/2026 at 01:30 PM in Rene C. Davidson Courthouse at Department 18 | Event | |
| 12/20/2025 | Judicial: Non-Appearance Case Review re: Deadline to File Class Certification Motion scheduled for 10/12/2026 at 11:00 AM in Rene C. Davidson Courthouse at Department 18 | Event | |
| 12/20/2025 | General Order (Non-Appearance Case Review)<br>Entered by: Court | Document | ⬇ |
| 12/20/2025 | Initial Case Management Conference scheduled for 03/23/2026 at 02:30 PM in Rene C. Davidson Courthouse at Department 21 Not Held - Rescheduled by Court was rescheduled to 03/25/2026 01:30 PM at Department 18 | Event | |
| 12/20/2025 | Judicial: Non-Appearance Case Review re: Deadline to File Class Certification Motion scheduled for 10/12/2026 at 02:30 PM in Rene C. Davidson Courthouse at Department 21 Not Held - Rescheduled by Court was rescheduled to 10/12/2026 11:00 AM at Department 18 | Event | |

Terms of Service

Contact Us
About this Site

Copyright © Journal Technologies, USA. All rights reserved.